# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

SEAN WILLIAM LEE                                                                  PETITIONER

VS.                          CASE NO. 2:16CV00162 JM/PSH

C. V. RIVERA, Warden                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Sean William Lee ("Lee") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In his original petition filed on November 28, 2016, Lee recites that he is in federal custody as a result of pleading guilty in 2005 in the Western District of Tennessee on the charge of attempted online enticement of a female minor under 18 U.S.C. § 2422(b). He states that he has a Tennessee state court conviction for a similar offense, aggravated sexual battery. Lee was sentenced in 2006 to 188 months imprisonment and lifetime supervised release. Lee indicates he challenged his supervised release conditions on direct appeal, and subsequently claimed actual innocence and ineffective assistance of counsel in a post conviction proceeding.

According to Lee, the Bureau of Prisons ("BOP"), relying on a BOP Program Statement, has categorized both his federal and state convictions as "crimes of violence" as defined by 18 U.S.C. § 924(c). He states that this designation triggers notification requirements upon his release contained in 18 U.S.C. § 4042(b). Lee also states that a BOP Program Statement integrated notification requirements under the Sex Offender Notification and Registration Act of 2006 ("SORNA"),[1] triggering additional notification requirements upon his release pursuant to 18 U.S.C. § 4042(c). Lee's claims, set forth in the instant petition and in his amended petition, are:[2]

> 1. His current conviction, under 18 U.S.C. § 2422(b), is not a "crime of violence" under the Bureau of Prisons ("BOP") Program Statement requiring notification under 18 U.S.C. § 4042(b);
>
> 2. His prior Tennessee state court conviction is not a "crime of violence" under the Bureau of Prisons ("BOP") Program Statement requiring notification under 18 U.S.C. § 4042(b);
>
> 3. The 2014 integration of SORNA into the BOP Program Statement requiring notification under 18 U.S.C. § 4042(c) is an impermissible delegation of sentencing authority and constitutes an ex post facto violation; and
>
> 4. His due process rights were violated because he was not notified when he pleaded guilty in the federal case that he was pleading guilty to a "crime of violence," subjecting him to notification requirements under 18 U.S.C. § 4042(b).

Respondent C.V. Rivera ("Rivera") contends, among other things, that Lee's claims should be dismissed without prejudice due to his failure to exhaust administrative remedies. The Court agrees. The United States Court of Appeals for the Eighth Circuit has consistently held that before

---

[1] Lee pleaded guilty in both cases before SORNA became law.

[2] We are obliged to liberally construe Lee's petition. *See, e.g., Jones v. Jerrison*, 20 F.3d 849 (8th Cir. 1994). Even though he sets forth four separate claims, the heart of the allegations appears to be whether the BOP will notify state and local officials of Lee's impending release and, if notification is to be given, on what basis. The respondent indicates Lee's expected release date via good conduct time is December 29, 2018. Docket entry no. 11-1, page 2.

2

seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies by presenting his claims for relief to the BOP. *See, e.g., Willis v. Ciccone,* 506 F.2d 1011 (8th Cir. 1974); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

> Administrative procedures can, where available, provide an adequate and often the most expeditious review of prisoner grievances. Federal prison administrative grievance procedures must be viewed in this light. We hold that if grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court. This requirement of exhaustion for federal prisoners has been recognized by several circuits and we endorse their view.... The extraordinary nature of the writ requires this. It should not be resorted to until other more conventional remedies have failed. When proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts. If such procedures are given a fair chance to succeed, not only will the prisoner receive expeditious relief when he is entitled to it, the administrative burden processing federal suits places upon prison authorities will greatly decrease as well.

*Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974)(citations omitted).

The BOP has in place a process by which inmates can seek and exhaust administrative remedies. *See* 28 C.F.R. § 542.10 *et seq*. This process promotes the following four objectives: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be given an opportunity to succeed." *Id.*

Rivera has filed an affidavit by Susan Gaither-Miller, the associate warden's secretary at the BOP, whose duties include accessing BOP records. Docket entry no. 11-1. Gaither-Miller details the process by which federal inmates may exhaust administrative remedies. She also describes the manner in which BOP administrative remedy submissions are recorded and maintained, and states that any such submissions, whether accepted or rejected, are permanently recorded in SENTRY, a computer-based information system. *Id.* Gaither-Miller reviewed Lee's administrative remedy submissions and found that he has filed eleven such requests or appeals, none of which concerned the issues raised in this action. Docket entry no. 11-1. Lee has therefore not exhausted administrative remedies with regard to the pending claims.

Lee does not dispute that he failed to properly pursue the BOP's administrative remedies. Instead, he claims that it would be futile to pursue administrative relief, and therefore his failure to exhaust should be excused. Docket entry no. 1, page 5, docket entry no. 12, page 3. To support his futility argument, Lee claims that the BOP lacks the institutional competence and authority to grant the relief requested. While habeas petitioners may be excused from the exhaustion requirement if such process would be an exercise in futility, *see Elwood v. Jeter*, 386 F.3d 842, 844 n. 1 (8th Cir. 2004), Lee has failed to establish that his pursuit of the administrative remedies available to him in this matter would be futile. Lee's claims relate to the BOP's designations of his convictions pursuant to specific BOP Program Statements, designations which could trigger certain notification requirements. Lee states that the BOP's Designation of Computation Center is the entity which designated his prior offenses to be crimes of violence. If the BOP has authority to designate certain crimes as ones of violence pursuant to its Program Statements, then the BOP should have the authority to reconsider its position or explain why those crimes are designated as crimes of violence,

4

and how that designation affects Lee, in response to a properly filed grievance. Similarly, Lee criticizes the BOP Program Statement incorporating the requirements of SORNA. The BOP certainly would have authority to revise its own program statement if it finds Lee's criticism is meritorious, and it should have an opportunity to respond via the grievance process. As for Lee's claim that the BOP does not have the institutional competence to grant the relief he requests, Lee has not provided any evidence to support such a claim. Thus, the Court finds that Lee's failure to exhaust is not excused by reason of futility.

As a result, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice to allow Lee to pursue his available administrative remedies.

IT IS SO ORDERED this 8th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE